

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-6-2009

# Ted McCracken v. ConocoPhillips

Precedential or Non-Precedential: Non-Precedential

Docket No. 09-1800

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"Ted McCracken v. ConocoPhillips" (2009). *2009 Decisions.* Paper 1066.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1066

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

ALD-229                                                NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-1800
_____

TED A. MCCRACKEN,
                                        Appellant

v.

CONOCOPHILLIPS COMPANY; INTERNATIONAL BIO-ANALYTICAL
INDUSTRIES INC; GLENN A COX, President, ConocoPhilips; GOODFELLOW
CORPORATION; EXXON MOBIL CORPORATION; ATLANTIC RICHFIELD
COMPANY; COTTER CORPORATION; MIKE R. BOWLIN, President, Atlantic
Richfield Company; UNITED STATES ENRICHMENT CORPORATION; UNION
CARBIDE CORPORATION; NOAH TECHNOLOGIES; JOHN P. YIMOYINES,
President, Union Carbide Corporation
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 2-07-02039)
District Judge:  Honorable Joel H. Slomsky
_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and IOP. 10.6
June 25, 2009

Before: SLOVITER, FUENTES and JORDAN, <u>Circuit</u> <u>Judges</u>

(Opinion filed:  July 6, 2009)
_____

OPINION
_____

PER CURIAM

Ted McCracken appeals from the District Court's dismissal of his civil complaint. For the reasons that follow, we will summarily affirm.

In June 2007, McCracken filed a complaint alleging that the named defendants were responsible for his thyroid cancer. Defendant Goodfellow Corporation moved to dismiss the case for lack of federal jurisdiction. After giving McCracken numerous opportunities to file amended complaints, the District Court dismissed for McCracken's failure to plead a basis for federal jurisdiction. On September 25, 2008, McCracken filed a motion for reconsideration, which the District Court denied on February 18, 2009. McCracken filed a timely notice of appeal from that order.

We have jurisdiction under 28 U.S.C. § 1291. We summarily affirm an order of the District Court "when 'no substantial question' is presented by the appeal." United States v. Baptiste, 223 F.3d 188, 190 n.3 (3d Cir. 2000) (per curiam) (citation omitted). We exercise plenary review over a District Court's dismissal of a case for lack of jurisdiction. See Frett-Smith v. Vanterpool, 511 F.3d 396, 399 (3d Cir. 2008). We review a District Court's denial of a motion for reconsideration for abuse of discretion. See Ahmed v. Dragovich, 297 F.3d 201, 209 (3d Cir. 2002).

McCracken filed his lawsuit without asserting a basis for federal jurisdiction. Inasmuch as the complaint alleged that private actors violated state laws, the only possible basis for subject matter jurisdiction in federal court would be diversity

2

jurisdiction. Diversity jurisdiction requires, *inter alia*, that all parties be citizens of different states. 28 U.S.C. 1332(a)(1); <u>Midatlantic Nat'l Bank v. Hansen</u>, 48 F.3d 693, 696 (3d Cir. 1995). "Whether diversity jurisdiction exists is determined by examining the citizenship of the parties at the time the complaint was filed." <u>Hansen</u>, 48 F.3d at 696. Further, citizenship, not residency, is the controlling factor in determining whether diversity jurisdiction exists. <u>See</u> <u>Krasnov v. Dinan</u>, 465 F.2d 1298, 1300 (3d Cir. 1972). The burden is on the plaintiff to establish the existence of federal jurisdiction. <u>Packard v. Provident Nat'l Bank</u>, 994 F.2d 1039, 1045 (3d Cir. 1993).

Here, McCracken asserted that he has been a resident of Pennsylvania for the past ten years and that he has also resided in New York, but he failed to plead that he is a citizen of a particular state. The record demonstrates that the District Court provided McCracken with ample opportunity to amend his complaint to cure the defect. <u>See</u> <u>McCracken v. ConocoPhillips Co., et al.</u>, No. 07-2039 (E.D. Pa. 2008) (ordering plaintiff to file an amended complaint pleading citizenship for all parties). McCracken, however, never informed the District Court of his state citizenship or the citizenship of the parties he was attempting to sue.[1] Therefore, the District Court properly dismissed the

---

[1] We note that McCracken's complaints in at least two other similar suits have also been dismissed for failure to satisfy the essential elements of diversity jurisdiction <u>See</u> <u>McCracken v. Ford Motor Co., et al.</u>, No. 07-cv-2018 (E.D. Pa. 2009) (memorandum and opinion dismissing complaint); <u>McCracken v. General Motors Corp., et al.</u>, No. 07-cv-2019 (E.D. Pa. 2008) (order denying motion for reconsideration) <u>appeal</u> <u>docketed</u>, No. 09-1382 (3d Cir. Feb. 11, 2009).

3

complaint.  Further, we discern no abuse of discretion in the District Court's refusal to reconsider its decision in this regard.

For the foregoing reasons, we grant the appellees' motions for summary affirmance and will summarily affirm the judgment of the District Court.